626 So.2d 232 (1993)
Donald Ray ELDRIDGE, as Personal Representative of the Estate of Jeffrey A. Eldridge, deceased, Appellant,
v.
RIDDELL, INC., Appellee.
No. 92-0875.
District Court of Appeal of Florida, Fourth District.
June 2, 1993.
Order Denying Rehearing October 27, 1993.
Joel D. Eaton, Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., and Spence, Payne, Masington & Needle, P.A., Miami, for appellant.
Francine D. Holbrook, Merritt, Sikes & Ennis, P.A., Miami, for appellee.
PER CURIAM.
AFFIRMED.
GLICKSTEIN, C.J., concurs.
FARMER, J., dissents with opinion.
*233 FARMER, Judge, dissenting.
In this products liability action, the trial judge excluded an entire video tape deposition of a witness on the grounds that the testimony of the witness was "too speculative and didn't rise to the dignity of an expert." The witness was an employee of a competitor of the defendant, and was called to testify that the competitor had adopted and made available to its customers a "chin roll" device which the defendant had disdained.[1]
While some (actually, very little) of his testimony may have merited a cautionary instruction, I do not believe that it was excludable. In no event could the trial judge have properly excluded the entire deposition. I think his testimony was relevant to show how and why the competitor acted as it did. The "defects" in the testimony that the defendant urged for its exclusion were all subject instead to cross examination.
I cannot say that the exclusion was harmless error. The testimony of this witness may have been enough to convince the jury on the liability issue. I would reverse for a new trial.

ON MOTION FOR REHEARING
PER CURIAM.
We deny appellant's motion for rehearing.
GLICKSTEIN and FARMER, JJ., concur.
WARNER, J., concurs specially with opinion.
WARNER, Judge, concurring specially.
I withdraw my original concurring opinion and substitute the following in its place.
This is an appeal from a jury verdict in favor of Riddell, Inc., a sporting goods manufacturer, in a suit against it by appellant as personal representative of his son's estate. The son died as a result of neck injuries he suffered in tackling an opponent in a football game. Appellant claimed that Riddell had negligently failed to market an accessory chin roll to a football helmet which, if used, would have prevented the type of injury suffered by the decedent. While the plaintiff tried to prove a strict liability claim, a directed verdict was granted at trial in the face of the evidence, even by plaintiff's experts, that the helmet in question was not defective in design when it was manufactured and sold in 1980 nor at the time of the accident. The claim of appellant was that by adding a chin roll device to the chin strap, the neck area, not the head, could be protected from severe injury. The chin roll was not even patented until 1982, and it was not manufactured by any helmet company. It was not marketed by any helmet manufacturer until Rawlings added it in 1987 to its catalogue one year after the accident in this case.[1] Therefore, the case went to the jury only on negligence.
The main issue in this appeal involved the trial court's exclusion of a video deposition of one of the plaintiff's witnesses. That witness was a research director of Rawlings, whose testimony described the testing and decision to market the chin roll as an accessory by Rawlings. To the extent that the testimony expressed expert opinions, it did not meet the standard of Frye v. United States, 293 F. 1013 (D.C. Cir.1923). See Flanagan v. State, 625 So.2d 827, 829 n. 2 (Fla. 1993) (noting that Florida continues to adhere to the Frye test despite the U.S. Supreme Court's construction of Federal Rules of Evidence as superseding Frye. Daubert v. Merrell Dow Pharmaceuticals, Inc., ___ U.S. ___, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993)). To the extent that it provided fact evidence, the denial of its admission was harmless error. The negligence count with or without the evidence presented by the witness should not have gone to the jury. There was no breach of a legal duty owed. Moreover, the evidence failed to show that any alleged negligence *234 in not testing and marketing the product was the proximate cause of the injury.
NOTES
[1] The jury was instructed that "among the facts you are to consider are conformity of the design to the practices of other manufacturers in the industry at the time of the accident * * *."
[1] Rawlings no longer produces helmets, and the testimony revealed that no other helmet manufacturer carries it as an accessory. A very small number of chin rolls are manufactured by an independent company. Suffice it to say, the chin roll has never gained acceptance in the sports industry as a safety device.